IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-96-00399 |
| KEVIN JONES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In 1998, Kevin Jones was convicted of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846. Jones received a mandatory life sentence. Jones has now served 23 years in prison and seeks a reduction of his sentence under the First Step Act of 2018. (Mot. Reduced Sentence, ECF No. 604.) The Government opposes the motion. (Opp'n Mot. Reduced Sentence, ECF No. 613.)

For the reasons set forth below, the Court concludes that Jones is eligible to be considered for a sentence reduction under the First Step Act. Before deciding whether such a reduction is warranted, the Court will require additional briefing.

*I.    Factual Background*

In 1997, Jones was one of eight individuals charged in relation to a drug operation in the Westport Public Housing Project in Baltimore, Maryland.[1] (Superseding Indictment, ECF No. 158; PSR ¶ 6.) A jury found Jones guilty of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846. (ECF No. 357.) The jury did not make a determination as to the

---

[1] Another defendant in the case, Daniel Hill, has also moved this Court for a sentence reduction under the First Step Act. (ECF No. 605.)

1

quantity of drugs involved in the conspiracy or whether the conspiracy involved crack, heroin, or both. (*Id.*).

At sentencing, Judge Andre Davis determined by a preponderance of the evidence that 53 kilograms of crack cocaine and 30 kilograms of heroin were attributable to Jones. *United States v. Holland*, 59 F. Supp. 2d 492, 529 (D. Md. 1998). Pursuant to Jones's statute of conviction—which the Presentence Report identified as 21 U.S.C. § 846 [21 U.S.C. § 841(b)(1)(A)(i) & 841(b)(1)(A)(iii)]—these quantities exposed Jones to a statutory range of imprisonment of ten years to life. (PSR ¶ 33.) Judge Davis also concluded by a preponderance of the evidence that the leader of the conspiracy, Dwayne Holland, had committed a murder in furtherance of the conspiracy, and that this murder was reasonably foreseeable to Jones, who played the role of the "enforcer" in the conspiracy. *Holland*, 59 F. Supp. 2d at 537. Judge Davis applied the murder guideline, U.S.S.G. § 2A1.1, and assigned a base offense level of 43; he also concluded that a 2-level enhancement for possession of a firearm was appropriate as well as a 2-level enhancement for obstruction. *Id.* at 543. Jones, who was assigned criminal history category I because of a prior misdemeanor theft, faced a pre-*Booker* mandatory guideline range of life. (PSR ¶ 33.) On September 3, 1998, Judge Davis sentenced Jones to life without parole.[2] (ECF No. 421.)

The United States Court of Appeals for the Fourth Circuit affirmed Jones's conviction and sentence on July 17, 2001. *United States v. Montgomery*, 262 F.3d 233 (4th Cir. 2001).

## II. *First Step Act Eligibility*

The First Step Act of 2018 was part of an effort by Congress "to correct earlier statutes' significant disparities" in the treatment of crack cocaine and powder cocaine. *United States v.*

---

[2] Judge Davis, who has retired from the bench, submitted a letter in support of Jones's motion for a sentence reduction. (Davis Letter, ECF No. 604-1.) In the letter, Judge Davis stated that he "never would have sentenced [Jones] to life imprisonment if [he] had had the opportunity to sentence [him] in accordance with the Fair Sentencing Act." (*Id.* at 2.)

2

*Wirsing*, 943 F.3d 175, 176–77 (4th Cir. 2019), *as amended* (Nov. 21, 2019). This effort dated back to 2010 when Congress enacted the Fair Sentencing Act, which increased the quantities of crack cocaine that triggered mandatory minimums; in relevant part, Section 2 of the act reduced the crack-to-powder ratio from 100-to-1 to 18-to-1. Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 269 (2012). However, until the passage of the First Step Act, these more lenient sentencing provisions were largely unavailable to those who had committed offenses prior to August 3, 2010. *United States v. Black*, 737 F.3d 280, 286–87 (4th Cir. 2013). The First Step Act changed that by providing that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Section 404(c) of the First Step Act prescribed two limits: a defendant would not be eligible for a sentence reduction where the original sentence was imposed "in accordance" with the Fair Sentencing Act, or where the defendant had already filed a motion under the First Step Act and it had been denied on the merits. *Id.* § 404(c).

After the passage of the First Step Act, disputes quickly arose as to who was eligible for a sentence reduction and specifically, what constituted a "covered offense" under the act. The Fourth Circuit addressed the issue in *United States v. Wirsing*, where it concluded that in determining whether an offense was "covered," courts should look to the statute of conviction— specifically whether the statutory penalties for that offense were modified by the Fair Sentencing Act—rather than to the conduct (or drug quantities) underlying the conviction. 943 F.3d at 185– 86. The court explained that this broad approach to eligibility was warranted because Congress

3

did not intend for there to be a "complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis." *Id.* at 186.

The issue here is whether Jones's conviction for conspiracy to distribute heroin and crack cocaine under 21 U.S.C. § 846 is a "covered offense" under the First Step Act. The parties appear to agree that if Jones had been convicted of conspiracy to distribute crack cocaine *only*, he would be eligible for relief under *Wirsing*;[3] they disagree as to whether the inclusion of heroin in the count renders him ineligible.

Jones offers two theories as to why his conviction qualifies as a "covered offense." His first theory is that for the purposes of First Step Act eligibility, the Court should conclude he was convicted only of conspiracy to distribute crack cocaine—a clearly "covered offense" under the First Step Act. (Mot. Reduced Sentence at 10–11.) Jones contends that Judge Davis's factfinding at sentencing regarding the quantities of drugs involved in the conspiracy—factfinding which increased the statutory maximum Jones was facing from 20 years to life—was unconstitutional under the later-decided *Apprendi v. New Jersey.* 530 U.S. 466, 490 (2000) ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). In 2001, on direct appeal, the Fourth Circuit agreed the approach used at Jones's sentencing violated *Apprendi*, but decided the error was harmless as there was "uncontested and overwhelming" evidence in the record to support Judge Davis's findings regarding drug type and quantities. *Montgomery*, 262 F.3d at 252. Even if this error was previously harmless, Jones asserts, that is not a reason now to "double-down on [the] unconstitutional findings in applying the First Step Act." (Reply at 7 (quoting *United States v. Williams*, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019)), ECF No. 619.) Instead, Jones argues, the

---
[3] The Government concedes *Wirsing* is controlling, but it notes its objections to the opinion to preserve its argument in the event of any subsequent appeal of this case or *Wirsing*. (Opp'n Mot. Reduced Sentence at 5.)

Court should set aside Judge Davis's findings and conclude the conviction is ambiguous as to whether it involved crack cocaine, heroin, or both, and in this ambiguity, apply the rule of lenity. Under such an approach, the Court would assume Jones was convicted only of conspiracy to distribute crack cocaine under § 841(b)(1)(iii)—a provision clearly modified by the Fair Sentencing Act—and Jones would be eligible for relief. Other district courts have followed this approach where, as here, the jury never made findings regarding the type or quantity of drugs underlying the conviction. *See, e.g., United States v. Carrie*, CMC-09-930-04, 2019 WL 3493832, at *2 (D.S.C. Aug. 1, 2019) (concluding the defendant was convicted of a "covered offense" where it was unclear whether he had pled guilty to conspiracy to distribute crack cocaine, powder cocaine, or both).

The Court concludes this approach provides a viable path to eligibility. The Government's main objections center on if and how *Apprendi* applies in First Step Act proceedings, but none of its arguments are availing. (Opp'n Mot. Reduced Sentence at 7–8.) First, as for if *Apprendi* applies, the Government cites *United States v. Sanders*, 247 F.3d 139, 141 (4th Cir. 2001) for the contention that *Apprendi* "does not apply retroactively on collateral review." (*Id.*) But as Jones points out, this is not collateral review, and numerous district courts have held *Apprendi* applies in First Step Act proceedings. *See, e.g., United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019) ("[A]lthough *Apprendi* and *Alleyne* are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act."); *see also* Mot. Reduced Sentence at 13–14 (collecting cases holding the same). The Government also contends that even if *Apprendi* applies, it cannot serve as a basis for concluding that Jones was convicted only of distributing crack cocaine, as the Fourth Circuit "already rejected an *Apprendi* claim on Petitioner's direct appeal." (Opp'n Mot. Reduced Sentence at 7.) But the

Fourth Circuit's conclusion that the prior *Apprendi* error was harmless does not authorize this Court to continue propounding that error moving forward. *See United States v. Stone*, No. DCN-96-403, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019), *appeal dismissed*, No. 19-3665, 2019 WL 5208846 (6th Cir. Sept. 25, 2019) ("The First Step Act neither directs nor implies that the Court should perpetuate the application of an unconstitutional [*Apprendi* violation] when determining a new sentence . . . ."). Because the *Apprendi* violation cannot be ignored in determining First Step Act eligibility, the Court agrees that Jones has a plausible argument that his conviction should be construed as involving only crack cocaine. However, even if the Court did not resolve this question in Jones's favor (which it does), the Court also concludes that Jones is eligible to be considered for a sentence reduction under his second theory, which rests on different grounds.

Jones's second theory of eligibility is that even if he was convicted of conspiracy to distribute both heroin and crack cocaine, he is still eligible for a sentence reduction because part of his conviction involves a "covered offense." (Mot. Reduced Sentence at 11.) A number of district courts have concluded that a conviction on a count involving crack cocaine and other drugs is a "covered offense." *See, e.g., United States v. Medina*, No. SRU-05-58, 2019 WL 3766392, at *1 (D. Conn. Aug. 9, 2019) (deeming a defendant eligible for a reduction under the First Step Act where he was convicted on a count of conspiracy with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine); *United States v. Zapata-Vicente*, JAG-01-00061, ECF No. 159 at *5–6 (E.D. Va. Aug. 8, 2019) (deeming a defendant eligible for a reduction under the First Step Act where he was convicted on a count of conspiracy to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine). The Fourth Circuit, along with some other district courts, has reached the opposite conclusion in several short,

unpublished decisions. *See, e.g., United States v. Holman*, 783 F. App'x 289 (4th Cir. 2019) (affirming the district court's denial of relief under the First Step Act where the defendant pled guilty to conspiracy to possess and distribute 50 grams of crack cocaine and 5 kilograms of powder cocaine); *United States v. Mendoza*, 776 F. App'x 170 (4th Cir. 2019) (reaching the same conclusion where the defendant pled guilty to conspiracy to distribute crack cocaine, powder cocaine, and marijuana).

Although the persuasive authority regarding this theory cuts both ways, the most relevant authority is *Wirsing*, which is the Fourth Circuit's most recent, binding exploration of the parameters of a "covered offense." 943 F.3d 175. Although *Wirsing* did not directly speak to whether convictions involving multiple drugs are "covered offenses," its pronouncement about the scope of a "covered offense" was unquestionably broad: "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) . . . is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *Id.* at 185. Here, Jones's conviction included a violation of 841(b)(1)(A)(iii). (PSR ¶ 33.) Under the plain language of *Wirsing*—and that opinion's directive that there should not be a "complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis"—Jones's conviction for conspiracy to distribute crack cocaine and heroin is a "covered offense" under the First Step Act. *See id.* at 186.

In terms of eligibility, the only remaining question is whether either of the limits under § 404(c) of the First Step Act apply here. These two limits preclude eligibility where a defendant's original sentence was imposed "in accordance" with the Fair Sentencing Act, and where the defendant has already filed a motion under the First Step Act and it has been denied on the merits. *Id.* § 404(c). The second limitation clearly does not apply, as this is Jones's first motion under the

7

First Step Act. The Government's position as to whether the first limitation applies is not entirely clear. At the end of its brief, the Government contends that Jones is not eligible for relief because his guidelines range was determined by the murder guideline, which was not affected by the First Step Act. (Opp'n Mot. Reduced Sentence at 10–11.) The Government does not explain how this argument fits in with the relevant legal framework, but the Court interprets this as an argument that Jones is barred from relief under § 404(c) because he was sentenced "in accordance" with the Fair Sentencing Act. However, *Wirsing* squarely rejected the argument that eligibility hinges on whether a petitioner's sentencing guidelines have changed as a result of the Fair Sentencing Act or the First Step Act. *See Wirsing*, 943 F.3d 183–85. And courts in this district routinely find an individual eligible for a sentence reduction even if the guidelines have not changed. *See, e.g., United States v. Mack*, PJM-09-0247, ECF No. 136 at *6 (D. Md. Dec. 20, 2019) (reducing the defendant's sentence under the First Step Act even though his guidelines range was unchanged upon retroactive application of the Fair Sentencing Act); *United States v. Trotman*, GLR-10-0266, ECF No. 285 at *2 (D. Md. Oct. 29, 2019) (same). Therefore, the Court concludes that neither limitation applies here.

In sum, the Court concludes Jones is eligible to be considered for a sentence reduction under the First Step Act whether he was convicted of conspiracy to distribute only crack cocaine or both crack cocaine and heroin. Before considering whether a reduction is appropriate, however, the Court requires more focused briefing on the process of considering a sentence reduction. Although the parties have previewed their positions with respect to this process, their positions were at times mixed with their arguments regarding eligibility. Now that the question of eligibility is resolved, the parties should concisely articulate their positions with respect to the following: which statutory range applies, which sentencing guideline(s) are implicated, and what evidence

the Court can consider without violating *Apprendi* and its progeny. The additional briefing should not be treated as an opportunity to relitigate the question of eligibility.

### III. Conclusion

For the foregoing reasons, the Court concludes Jones is eligible to be considered for a sentence reduction under the First Step Act. It will order additional briefing on the schedule set forth in the accompanying order.

DATED this 24 day of February, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge