IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-96-00399 |
| KEVIN JONES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Now pending before the Court is Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 604.) The Government opposes the motion. (ECF No. 613.) The Court has carefully reviewed the submissions of both sides and the entire record. Defendant is eligible to be considered for relief under the First Step Act. (ECF No. 623); *see also United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020). The question now is whether a sentence reduction is appropriate.

First, the Court considers how the Federal Sentencing Guidelines apply. The parties dispute if and how intervening case law affects Defendant's guidelines calculation—specifically if and how *Apprendi v. New Jersey*, 530 U.S. 466 (2000), affects the calculation. For the purposes of this case only, the Court finds *Apprendi* does not affect the guidelines.[1] The Court adopts the Government's position that the applicable statutory range is 5–40 years and the sentencing

---

[1] Although the Court concluded in its prior opinion that it could not ignore *Apprendi* in determining First Step Act eligibility, the Court did not specifically address if or how *Apprendi* would affect Defendant's guidelines. The Court finds Defendant's argument as to why *Apprendi* affects the guidelines persuasive. However, the Court declines at this stage to make any broader holdings about the applicability of *Apprendi* or other intervening law in determining the appropriate guidelines in First Step Act proceedings.

1

guideline for murder applies under U.S.S.G. § 2A1.1.  The Court also concludes that the murder guideline is capped by U.S.S.G. § 5G1.1(a).  This results in a guidelines sentence of 480 months.

However, in calculating a sentence reduction, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors.  First, considering the "history and characteristics" of Defendant, the Court finds Defendant's prior criminal record is limited: he has one conviction for assault when he was fourteen years-old and another conviction for misdemeanor theft when he was nineteen years-old.  (PSR ¶¶ 27, 30.)  As for the "nature and circumstances" of the offense, Defendant was part of a conspiracy that distributed significant quantities of cocaine and heroin.  The conspiracy involved violence, including a murder committed by one of Defendant's co-conspirators that was foreseeable to Defendant.  *United States v. Holland*, 59 F. Supp. 2d 492, 537 (D. Md. 1998).  Considering the "seriousness of the offense," the Court finds this case is unquestionably serious by virtue of the violence and quantity of drugs associated with the conspiracy.

As for the need for "adequate deterrence," a substantial term of incarceration is warranted to dissuade Defendant and others from this sort of serious misconduct in the future.  The Court also finds that the need to "protect the public" is a significant factor in this sentence because of the violence and the quantity of drugs involved in the conspiracy.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. The Court notes that Defendant received a

significantly longer sentence than most of his co-conspirators. (ECF No. 604 at 5.) "Training and treatment" is not a significant factor in this sentencing decision.

As for Defendant's post-sentencing conduct, the Court agrees with the parties that Defendant's conduct has been "excellent": he has not obtained any disciplinary infractions in the 23 years he has been incarcerated, he has completed a myriad of vocational programs, he has obtained strong performance reviews from his supervisors, and he has served as a mentor for other inmates. (ECF No. 604 at 17–20; ECF No. 625 at 4 n.2.)

Taking under advisement the Federal Sentencing Guidelines, the Court has concluded that a guidelines sentence in this case is 480 months. The Court finds this significantly overstates the Defendant's culpability and is not appropriate in light of Defendant's post-sentencing conduct.

Application of all relevant considerations, including the § 3553(a) factors as referenced above, causes the Court to conclude that there should be a sentence reduction and that the sentence that is sufficient but not more than necessary is 330 months of incarceration, to be followed by five years on supervised release. All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order. This is a variant sentence under 18 U.S.C. § 3553, and it is the sentence the Court deems appropriate regardless of the exact computation of the guidelines at this late stage. To be clear, even if the guidelines were computed differently in this case, the sentence would nonetheless be 330 months.[2]

Therefore, the Motion for Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 604) is GRANTED to the extent described above.

---

[2] In his final brief, Defendant cites the presence of Covid-19 at FCI Cumberland, where Defendant is incarcerated, as a reason for resolving his First Step Action motion expeditiously. (ECF No. 629 at 2.) It does not appear, however, that Defendant contends the presence of the virus in the facility is itself a reason to reduce his

DATED this 26th day of April, 2020.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

sentence.  Even if Defendant did argue this, the Court would nevertheless conclude that a sentence of 330 months is the appropriate sentence in this case.